IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01505-REB-KMT

JAMES T. ARGYS and
JANELL A. ARGYS

    Plaintiffs,

v.

GREENPOINT MORTGAGE FUNDING, INC.

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This matter is before the court on "Defendant's Motion for Summary Judgment" ("Mot." [Doc. No. 38, filed June 9, 2008].) Plaintiffs responded on July 10, 2008 with "Plaintiff's Objection to Defendant's Motion for Summary Judgment," an 89 page document containing both argument and exhibits. [Doc. No. 45]. Defendant filed "Reply to Plaintiff's Objection to Defendant's Motion for Summary Judgment" [Doc. No. 49, filed July 15, 2008].

    *STANDARD OF REVIEW*

        *1.    Pro Se Plaintiffs*

    Because Plaintiffs appear *pro se*, the court "review[s] their pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also*

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless the court will not act as advocate for a pro se litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). As is true of all parties and their representatives, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

    2.    ***Summary Judgment***

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the

initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

**BACKGROUND**

      1.    ***The Federal Claims***

James T. Argys and Janell A. Argys filed their federal complaint ("Compl." [Doc. No. 1]) on July 17, 2007. The Complaint alleges Defendant Greenpoint Mortgage Funding, Inc., ("GMF") violated the Truth in Lending Act ("TILA"), 15 U.S.C. 1601, et seq.; the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. 2601, et seq.; and the Home

Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1602(aa) and §1639. (Compl. at 3, ¶¶ 22-23). The First Claim for Relief asserts, "Damages for Falsification of Loan Documents" (*Id.*), the Second Claim for Relief asserts, "Damages for Injurious Harm Done to Plaintiff" (*Id.* at 5), the Third Claim for Relief asserts, "Damages for Negligence, Wrongful Conduct, & Injurious Harm Done to Plaintiff" (*Id.* at 7) and the Fourth Claim of (sic) Relief asserts, "Damages and Remedies for 15 U.S.C. 1601 et seq. Violations of the Truth in Lending Act, RESPA, HOEPA, and Freddie Mac and Fannie Mae Regulations." (*Id.* at 8).

In paragraph 4, the Complaint begins a recitation of events starting with an August 14, 2004 agreement between the plaintiffs and Alpine Mortgage Resources "to refinance Plaintiffs' primary residence." The Complaint goes on to catalogue the loan process through the closing on September 17, 2004. (Compl. ¶¶ 5-13) In paragraph 14, the plaintiffs begin a description of events occurring subsequent to the loan closing, including various disclosure and other amended documents issued in connection with the loan which Mr. Argys claimed he either did not receive or did not authorize or sign. (Compl. ¶¶ 14 - 19). Plaintiffs claim they "rescinded the loan transaction on June 4, 2007." (*Id.* at ¶ 20). Beginning with the first claim for relief, paragraphs 22 - 37, Plaintiffs describe events leading up to the ultimate foreclosure of the property by the Defendant and again delineate a number of loan documents which Plaintiffs claim were "falsified, changed, and altered." (*Id.* at 3 - 4). In paragraphs 39 - 61 of the Complaint, Plaintiffs allege that when the loan went into arrears after the first year, Defendant did not provide them with a "workout option," or a proposed resolution acceptable to the plaintiffs. (*Id.* at 5). Plaintiffs then continue to register events leading up to the foreclosure of the property.

(*Id.* at 5 -7).   Paragraphs 63 - 66 of the Complaint contain conclusory allegations ascribing motive to the defendant and alleging that the defendant caused them emotional damages and distress.  (*Id.* at 7-8).

### 2. *Procedural History and Trial in State Court*

GMF's action for unlawful detainer based on the loan documents described, supra, against James T. Argys and Janell A. Argys was commenced on February 6, 2007, first in the county court and removed to the district court of Ouray County, State of Colorado.  (Mot., Ex. A-3 at 1).  The Argyses' Amended Answer and Counterclaim, filed in Ouray on February 14, 2007, alleged that GMF was guilty of fraud and illegality in connection with the loan processing and the foreclosure and requested a Colo. R. Civ. P. 105 hearing concerning title and other issues.  (Mot., Ex. A-4).  GMF moved for summary judgment in the state case (Mot., Ex. A-2), to which the Argyses responded, arguing for "a complete adjudication of rights . . . " and requested "that all title questions be resolved . . . lest such order by the court be a nullity." (Mot., Ex. A-5 at ¶¶3-4).  The Argyses alleged in the earlier state case that the defendant had engaged in deceptive and unlawful practices in violation of state and federal law, rules, and regulations in connection with the underlying loan between the Argyses and GMF.  (*Id.* at ¶16).

The district court judge denied GMF's summary judgment motion and ruled that all contested issues of title and possession raised by the pleadings would be decided at trial.  (Mot., Ex. A-6 at 2-3).  Judge Schum noted that "Defendant [James T. Argys] has filed a Counterclaim in which he argues that Plaintiff fraudulently obtained title to the property."  (*Id.* at 1).  The court stated, "[a]lthough this is an action brought pursuant to C.R.S. 13-40-101 et seq., the Court

5

concludes that any issues properly raised through the pleadings must be tried within the context of this case," agreeing with the Argyses that all claims should be resolved in the one case before the Ouray district court. (*Id.* at 2)

The state court trial was held on August 7 - 8, 2007. (Mot., Ex's A-7 and A-8). Judge Schum reminded the Argyses they could assert all defenses and counterclaims at trial. (*Id.* at transcript p. 10). Judge Schum said, " There's apparently some sort of counter-claims also. And to the extent that is a valid counter-claim, then we'll have to litigate that in connection with this entire proceeding. We're going to litigate the whole ball of wax here." A few sentences later, Judge Schum said, "I want to do everything as part of this trial." (*Id.* at transcript p. 11). The court reiterated this position during the trial, as well, stating

> Now, I suggested to you early on in this proceeding that you might have to bring a separate action to challenge title or to bring your claims, and I was mistaken. And I explained that in my ruling on the summary judgment motion that you could bring up your defenses and your counter-claims in the context of this case. That's what you've chosen to do. We're litigating those defenses and counter-claims.

(Mot., Ex. A-8 at transcript p. 10).

During the trial, the Argyses presented all their counterclaims, including fraud. (Mot., Ex. A-8 at 67, 112). Mr. Argys described the plaintiffs' position at trial as follows:

> because . . . my defenses are based upon federal law, I filed in this court because of the breakage of the TLA and the RESPA law and the HOESPA [sic] law in this particular case of possession on my -- which are also in my affirmative defenses and counter-claims. And that matter I sent and delivered both to you on the 5th of June to the Court and to the plaintiffs by certified mail a copy of a Notice to Rescind based upon the TLA laws which gives me three years to rescind the note. I then further conferred with the attorneys at that time and stated that I would be moving this matter approximately -- I don't know the exact date in my head right now, but it was around the 5th or 6th of July where I filed a motion in the federal

6

courts. Also ask that there be a 20-day, according to the federal law, 20 days in order to respond to such notice of the rescission according to TLA and also to RESPA.

(Mot., Ex. A-7 at 24-25).

A significant amount of trial time was devoted to Mr. Argys's contention that certain specific loan documents were altered or incorrect, (*e.g.*, Mot., Ex. A-7, at transcript ppgs. 77, 84, 97, 100, 130; A-8 at transcript p. 67). Mr. Argys also argued that the "Notice to Rescind" provided for certain rights under "TILA, RESPA, and HOESPA [sic]." (Ex. A-7 at 42-44). During the trial Mr. Argys invoked the constitution, as well, stating, "The objection is that this gives me the legal rights under the Truth in Lending Act, the RESPA Act, the HOESPA [sic] Act, and also under the Fourth, Fifth and 14th Amendments of due process." Such arguments were heard and considered by the court during the two-day state trial. (Mot., Ex. A-7 at transcript p. 42).

The court rendered detailed oral findings and conclusions in connection with its judgment. (Mot., Ex. A-8, transcript ppgs. 110 - 120). The trial court stated that the Argyses fully litigated their claims that the Defendant had committed fraud concerning any of the loan documents. (*Id.* at 112). The court found that there were inconsistencies and errors in the documents but that those differences in the documents did not amount to fraud. (*Id.* at 112, 113). The court found that in spite of some documents which contained errors or inconsistencies, "that does not amount to fraud in obtaining title to the loan." (*Id.* at 114). The court also litigated the Truth in Lending and other regulatory allegations and found them non-meritorious. (*Id.* 114-115). The court found rational and reasonable explanations for the changing loan documents in

that the loan had to be re-structured for the Argyses' benefit on several occasions to convince the lender to actually fund the loan. (*Id.* at 117-118). In closing, the court stated, "Mr. Argys has asked for relief under Rule 105 and has asked for me to essentially issue an order regarding a complete adjudication of the rights and title to the property." (*Id.* at 119). The court did so.

*ANALYSIS*

1. ***Res Judicata, Claim Preclusion and Collateral Estoppel.***

Though sometimes used to refer to the narrower concept of claim preclusion, res judicata traditionally subsumes both claim preclusion and issue preclusion, which is sometimes called collateral estoppel. *See e.g. Carter v. City of Emporia*, 815 F.2d 617, n.2 (10th Cir. 1987). "The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata, under Colorado state law, "bars relitigation not only of all issues actually decided, but of all issues that might have been decided." *Pomeroy v. Waitkus*, 517, P.2d 396, 399 (1974); *State Engineer v. Smith Cattle, Inc*., 780 P.2d 546, 549 (Colo. 1989).

Since the underlying Ouray County case arose in the state of Colorado, Colorado law will determine the limits of res judicata. "Res judicata constitutes an absolute bar only when there is in both the prior and subsequent suits identity of subject matter, identity of the cause of action, identity of parties to the action, and identity of capacity in the persons for which or against whom the claim is made." *City of Westminster v. Church,* 445 P.2d 52, 55 (1968). In Colorado, the 'same claim or cause of action' "is bounded by the injury for which relief is demanded, and

8

not by the legal theory on which the person asserting the claim relies." *State Engineer v. Smith Cattle, Inc*., 780 P.2d 546, 549 (Colo. 1989); *Hildebrand v. Dart Indus., Inc.*, 640 F.2d 289 (10th Cir. 1981) (action barred by res judicata where plaintiffs attempted to cure statute-of-limitations defect in fraudulent-inducement claim by adding count for fraudulent termination of distributorship agreement).[1]

The Ouray County case and this federal action are identical. The parties and subject matter are the same. Although the parties are nominally name reversed, the Argyses brought the claims they now assert as Plaintiffs in counterclaims in the state action in which they were Defendants. Plaintiff James Argys still complains that loan and disclosure documents were altered and amended when he took out the loan, that certain critical disclosures were not made to him, that the terms of the loan changed and other issues surrounding and involved in the acquisition of and foreclosure upon the loan between the parties. All the issues raised by the Argyses in this case were raised in the state court, fully considered by the state court and ruled upon. *See Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) ("[A] cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence."). What constitutes the same transaction or series of transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial

---

[1] Federal law has almost identical requirements concerning the application of claim preclusion in the Tenth Circuit and requires: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp*., 186 F.3d 1222, 1226 (10th Cir. 1999).

unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Restatement (Second) of Judgments* § 24 (1982).

One of the main policy considerations underlying res judicata is the interest in bringing litigation to an end. *Nwosun*, 124 F.3d at 1258; *B-S Steel of Kansas, Inc. v. Texas Industries, Inc.*, 327 F. Supp. 2d 1252, 1258 (D. Kan. 2004). The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948). *See Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 375, 378 (1940); *John v. United States,* 77 Fed. Cl. 788, 818 (Fed. Cl. 2007). "By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action." *Nwosun* at 1258. The plaintiffs in this case are doing nothing more than trying to sink their teeth into the apple for another bite.

### 2. *Remaining Defenses*

Defendant also asserts as grounds for Summary Judgment that the Complaint should be dismissed pursuant to Colo. R. Civ. P. 13 (barring a litigant from raising issues in a subsequent case which were compulsory counterclaims in a prior proceeding), that the Argyses have violated the "economic loss rule," and that many of the claims alleging violation of regulatory statutes are not supported by the evidence or fail to state a claim upon which relief can be granted. Although these claims may be meritorious, because the issue of claim preclusion is so clear, this court will not address those issues as part of its recommendation of dismissal.

WHEREFORE, I respectfully **RECOMMEND**

"Defendant's Motion for Summary Judgment" [Doc. No. 38] be GRANTED and the Complaint be dismissed with prejudice.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

11

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 2nd day of September, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge