IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01505-REB-KMT

JAMES T. ARGYS and
JANELL A. ARGYS

      Plaintiffs,

v.

GREENPOINT MORTGAGE FUNDING, INC.

      Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This matter is before the Court on Defendant Greenpoint Mortgage Funding, Inc.'s

("GMF") Motion for Attorneys' Fees ("Mot.") [Doc. No. 64, filed October 9, 2008]. The

deadline by which plaintiffs, James T. Argys and Janell A. Argys, were required to respond to

the Motion was October 29, 2008. D.C.COLO.LCivR 7.1(C). Plaintiffs, who are proceeding

*pro se*, failed to respond. This court then ordered plaintiffs to file a response to the Motion on or

before April 9, 2009. [Doc. No. 70, filed March 27, 2009.] Again, the plaintiffs failed to

respond. A hearing on the Motion was held April 23, 2009 at 9:30 a.m. Defendant's counsel

appeared in person, prepared for the hearing with invoices and payment records. The plaintiffs

failed to appear.

## *BACKGROUND*

This case involved a residential home mortgage and the Defendant's foreclosure against the property pursuant to the loan documents.  The Argys alleged that GMF was guilty of fraud and illegality in connection with the loan processing and the foreclosure.  The case was originally tried in Ouray County District Court, Colorado.  After the Argys lost in state court, they brought the instant action in federal court.  District Judge Blackburn adopted this Magistrate Judge's Recommendation with respect to the Motion for Summary Judgment based upon the *res judicata* bar created by the prior state court case.  Defendant's Motion for Summary Judgment was granted on September 24, 2008.  [Doc. No. 57.]  The Defendant was awarded costs; the issue of an award of contractual attorney's fees was not addressed by the court.  [*Id.*; Doc. No. 67].

## *ANALYSIS*

Defendant's Motion is brought pursuant to Fed. R. Civ. P. 54(d)(2).  The Rule requires any motion for attorney's fees to be brought within 14 days of the entry of judgment.  *See also Graymore, LLC v. Gray*, 2007 WL 4062706, *5  (D. Colo. 2007).  Judgment was entered by the Clerk in favor of Greenpoint Mortgage Funding, Inc. on September 30, 2009.  Therefore, the motion was timely filed.  Further, the Motion comports with the remainder of Rule 54(d)(2)(B) in that it specifies the grounds for requesting the fees and the amount thereof.  The Argys were thrice provided an opportunity to submit adversary submissions as required under Fed. R. Civ. P. 54(d)(2)(D), but wholly failed to respond in any manner.  The docket reflects that none of the court's orders sent to the Argys since the entry of judgment have been returned as undeliverable.

2

The traditional rule in American courts is that litigants must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975).  An exception to this rule exists, however, where payment of attorney's fees is provided for either by statute or contract, or where the losing party has acted in bad faith.  *Id.* at 257, 258-59.  *See Debry v. Noble,* 1993 WL 300936, *5 (10th Cir. 1993).  In the instant case, I find that all those exceptions apply.

### Contractual Attorney's Fees

Defendant's first ground for an award of attorney's fees incurred in connection with the defense of this federal case is based on paragraph 9 of the Deed of Trust, the operative document in both the state and federal cases.  (Mot., Exh. A [Doc. No. 64-2]).  That section provides

> If . . . there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, . . . . Lender's actions can include, but are not limited to: . . . (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, . . .
>     Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.

Deed of Trust, MIN:100013800849066432, Borrower James T. Argys and Janell A. Argys, Lender GreenPoint Mortgage Funding, Inc., signed by the Borrowers before a notary public on September 17, 2004, Section 9. [Doc. No. 64-2.]

The Argys' Complaint alleges that GMF, 1) falsified loan documents (First Claim for Relief), 2) illegally serviced the loan (Second Claim for Relief), 3) committed "Negligence, Wrongful Conduct, & Injurious Harm" (Third Claim for Relief), 4) and violated various statutory provisions including "15 U.S.C. 1601 et seq. Violation of the Truth in Lending Act,

RESPA, HOEPA, and Freddie Mac and Fannie Mae Regulations" (Fourth Claim for Relief).
[Complaint, Doc. No. 1.] Among the damages sought is that "the lien claimed by the Defendant
be released and declared to be null and void."

This court finds that since the Complaint sought to nullify the mortgage documents,
including the Deed of Trust, the Argys' action would significantly affect GMF's interest and
rights under the Deed of Trust, therefore rendering the contractual provisions of Section 9
therein applicable.

### Statutory Attorney's Fees

Further, GMF seeks "mandatory" attorney fees pursuant to Colorado Revised Statutes
section 13-17-201.  The Tenth Circuit applies state law in deciding whether to grant attorney fees
in diversity actions.  *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000).   Section
13-17-201 provides for an award of "reasonable" attorney fees "in any civil action of any nature
commenced or appealed in any court of record in this state, the court shall award, by way of
judgment or separate order, reasonable attorney fees against any attorney or party who has
brought or defended a civil action, either in whole or in part, that the court determines lacked
substantial justification."  Colo. Rev. Stat. § 13-17-201(2) (2009).   The statute further provides,
"As used in this article, 'lacked substantial justification' means substantially frivolous,
substantially groundless, or substantially vexatious."  13-17-201(4).  Finally, with respect to
parties like the plaintiffs, who are proceeding *pro se*, the statute provides, "No party who is
appearing without an attorney shall be assessed attorney fees unless the court finds that the party
clearly knew or reasonably should have known that his action or defense, or any part thereof,

4

was substantially frivolous, substantially groundless, or substantially vexatious; . . . ." 13-17-201(6). *See Zivian v. Brooke-Hitching*, 28 P.3d 970, 974 (Colo. App. 2001) (a vexatious claim or defense is one brought or maintained in bad faith, which "may include conduct that is arbitrary, vexatious, abusive or <u>stubbornly litigious</u>, and may also include conduct aimed at unwarranted delay or disrespectful of truth and accuracy")(emphasis added).

At the heart of plaintiffs case was a claim that after obtaining a loan to finance a home in 2004, when they stopped making their monthly payments as they were obligated to do and then went into default <u>after only one year</u>, the defendant should have provided them with some "workout option." [Compl. at 5.]  In 2007, when plaintiffs continued to not pay the mortgage, GMF commenced a state court action for unlawful detainer, at which time the plaintiffs brought counterclaims nearly identical to the claims then set forth in the complaint in this action. [See Recommendation of Magistrate Judge, Doc. No. 55, setting forth procedural history.]  The Argys and GMF went to trial on the issues in August 2007. The state trial judge rendered detailed findings and conclusions in ruling against the Argys.  The District Court Judge in this federal case ultimately dismissed the action on the basis of *res judicata* as recommended by the Magistrate Judge. [Doc. No. 57.]

This court finds that the Argys stubbornly continued litigation in this matter long after the case had been resolved in state court and they continued to file long and rambling pleadings, requested temporary restraining orders and sanctions for various unfounded reasons, and exhibited obstreperous behavior with respect to discovery obligations which necessitated defendant's filing motions to compel.  This court finds that the plaintiffs' knowingly bringing of

this lawsuit, in the face of having litigated the exact same frivolous and unwarranted issues in state court, was substantially, if not entirely, frivolous, groundless and vexatious.  Therefore, I conclude that attorney's fees should be awarded against the plaintiffs on statutory grounds, as well.

### *Reasonableness of Fees*

Determination of whether fees are reasonable has two general facets. First, the Court must determine whether the actions taken by the GMF in defense of this action were reasonable. If not, the fees must be disallowed in full.  If the actions were reasonable, the Court must then determine whether the itemized fees are reasonable.  I find, as an initial matter, that defending the case filed in federal court was necessary and reasonable.  Therefore, I will turn to whether the fees requested by the defendant are reasonable.

"A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.' " *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir.1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983) (overruled on other grounds, *Pennsylvania v. Del. Valley Citizens' Council For Clean Air*, 483 U.S. 711, 725 (1987)).  "However, '[t]he record ought to assure [the appellate court] that the district court did not eyeball the fee request and cut it down by an arbitrary percentage.' " *Id.*

 "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.*  This calculation is commonly referred to as the 'lodestar amount' of a fee, and a claimant is

entitled to the presumption that this lodestar amount reflects a 'reasonable' fee.  *Id.*; *see also United Phosphurus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir.2000) (when attorneys fees are awarded, courts often calculate the "lodestar," which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate.")

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*; *see also Robinson*, 160 F.3d at 1281 ("a district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks.' " "The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.' " *Id*. at 434. Counsel are expected to exercise their "billing judgment", "mak[ing] a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434, 437.

The *Ramos* court suggested that among the factors to be considered were (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers. *Ramos*, 713 F.2d at 554.   Using this general analysis, the court should ask what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances.  In *Brown v. Phillips Petroleum Co.*, 838 F.2d 451 (10th Cir. 1988),

7

the Tenth Circuit also approved consideration of the factors articulated by the Fifth Circuit in

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)(overruled on other

grounds, *Blanchard v. Bergeron*, 489 U.S. 87 (1989)) in calculating and reviewing attorneys'

fees awards.  The *Johnson* factors include: (1) the time and labor involved; (2) the novelty and

difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the

preclusion of other employment by the attorney due to acceptance of the case; (5) the customary

fee; (6) any prearranged fee--this is helpful but not determinative; (7) time limitations imposed

by the client or the circumstances; (8) the amount involved and the results obtained; (9) the

experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the

nature and length of the professional relationship with the client; and (12) awards in similar

cases. *Id.* at 454-55.  *See also EchoStar Satellite L.L.C. v. Channel One TV, Inc.*, 2007 WL

596362, *1 -3  (D. Colo. 2007).

        In the final analysis, of course, a court may reduce the amount of contractual attorney's

fees requested if it finds such an award would be inequitable and unreasonable.  *Flying J Inc. v.

Comdata Network, Inc.*, 2007 WL 3550342, *5 -6  (D. Utah 2007).

        Under the terms of the deed of trust, fees are reasonable only if they are incurred in

protecting GMF's rights in the collateral.   The court has reviewed the Affidavit of Wade

Warthen, attorney for defendant, [Doc. No. 64-3] and the detailed accounting of time for lawyers

and paralegals involved in the case [Doc. No. 64-3, Exh. 2].  Mr. Warthen billed his client at an

hourly rate of $225 from the inception of the case until January, 2008, when his hourly rate

increased to $250.  Further, the court examined the curricula vitae of Andrew Rippey and Keely

8

C. Downs, associate attorneys in Mr. Warthen's law firm. [Doc. No. 6403, Exh. 1.]   Ms. Downs

was billed at an hourly rate of $180 and Mr. Rippey was billed at an hourly rate of $200.

At the hearing, Mr. Warthen represented and brought with him as proof, the fact that each

of the billings on the line item accounting had been directly billed to GMF and that GMF had

paid the invoices.  The court questioned several entries for legal assistant fees.  Mr. Warthen

represented that the legal assistants were only billed if they had done actual paralegal work.

Paralegal work was billed at an hourly rate of $120 to $145.

After considering all the factors outlined in the Tenth Circuit, this court finds the billing

rates for each of the professionals working on the case was reasonable for lawyers in the Denver,

Colorado metropolitan area and the work they performed both necessary to defend the lawsuit

frivolously brought by the Argys and that the time spent and billed for was reasonable in scope

and time.  Much of the work was occasioned by the lengthy and vexatious filings of the Argys.

Further, where associate attorneys worked on the same matter as the lead attorney, the associate

attorney did not submit billings.  (See i.e., 5/6/2008 entry for Keely Downs attendance at

plaintiff's deposition billed at $0 and 5/6/2008 entry for Wade Warthen billed at $1,350.)  I also

find the costs which were non-taxable earlier, are reasonable and necessary.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that  Defendant Greenpoint Mortgage Funding, Inc.'sMotion for

Attorneys' Fees [Doc. No. 64] be GRANTED and that costs and fees in the amount of

$79,096.00 be awarded to Greenpoint Mortgage Funding, Inc.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As

2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d

at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be

both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining

Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

10

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

   Dated this 20th day of May, 2009.

                                        **BY THE COURT:**

                                        _____
                                        Kathleen M. Tafoya
                                        United States Magistrate Judge